UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TOBY HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-0665 |
| ) | Judge Campbell |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

I. INTRODUCTION
AND
BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the South Central Correctional Facility (SCCF) in Clifton, Tennessee.[1] The plaintiff brings this action under 42 U.S.C. § 1983 against: 1) the Tennessee Department of Correction (TDOC); 2) Governor Phil Bredesen; 3) Commissioner George Little, TDOC; 4) Ricky Bell, Warden at the Riverbend Maximum Security Institution (Riverbend); 5) Dr. f/n/u Sator, M.D., Riverbend; 6) nurse Cathy l/n/u, Riverbend; 7) nurse Tara l/n/u, Riverbend; 8) nurse Jane l/n/u, Riverbend; and 9) nurse Jeff l/n/u, Riverbend. The plaintiff seeks money damages and injunctive relief, alleging that the defendants were deliberately indifferent to his serious medical needs.

The complaint alleges that the defendants were deliberately indifferent to his serious medical needs following back surgery on September 4, 2007, and a heart attack on October 8, 2007. (Docket Entry No. 1, ¶ IV) More particularly, the plaintiff alleges that he was sent to Riverbend to recover from back surgery rather than DeBerry Special Needs Facility (DeBerry) in Nashville, but that the

---

[1] This action was transferred to the Middle District of Tennessee by the United States District Court for the Western District of Tennessee.

medical staff at Riverbend was not trained or staffed to assist him in his recovery. (Docket Entry No. 1, ¶ IV) The plaintiff also asserts that he suffered a heart attack the following month, but the medical staff at Riverbend delayed in providing him proper treatment. (Docket Entry No. 1, ¶ IV)

II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the

2

federal courts will not second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

### A. TDOC, Governor Bredesen, Commissioner Little, and Warden Bell

The plaintiff does not mention any of the above-named defendants in the statement of the facts. Consequently, he fails to satisfy the first half of the two-part test under *Parratt* and, as such, he fails to make a *prima facie* showing of a violation under § 1983 as to these defendants.

Given the nature of the complaint, the Court could liberally construe the complaint to allege that these defendants are liable under the doctrine of *respondeat superior*, *i.e.*, for the acts and/or omissions of those in their charge. The law is well established, however, that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendants were personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For vicarious liability to attach, the above-named defendants must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The plaintiff does not allege, nor can it be liberally construed from the complaint, that the above-named defendants were directly responsible for any of the alleged actions of those in their charge. Nor does he allege that the other defendants acted pursuant to a policy or custom that violated his constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122

3

(1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Consequently, the above-named defendants are not liable under the doctrine of *respondeat superior*.

The plaintiff's claims against TDOC, Governor Bredesen, Commissioner Little, and Warden Bell lack an arguable basis in law or fact. Therefore, those claims will be dismissed as frivolous.

B. Dr. Sator, Nurse Cathy, Nurse Tara,
Nurse Jane, and Nurse Jeff

The plaintiff asserts that he was sent to Riverbend to recover following back surgery on September 4, 2007.[2] (Docket Entry No. 1, ¶ IV, Attach. p. 1) According to the plaintiff, the bed at Riverbend had no rails, it was too high, and the toilet was too low. (Docket Entry No. 1, ¶ IV, Attach. p. 1) The plaintiff also alleges that he did not receiving his medication when he was supposed to. (Docket Entry No. 1, Attach. p. 1)

The plaintiff alleges further that Nurse Tara told him that they were not trained at Riverbend to handle post-operative recovery, and that there was no physical therapist at Riverbend. (Docket Entry No. 1, ¶ IV, Attach. p. 1) The plaintiff also alleges that Dr. Sator and nurse Tara told him that he had been sent to recover at Riverbend because DeBerry was full. (Docket Entry No. 1, ¶ IV, Attach. p. 1) Finally, the plaintiff alleges that each of the above-named defendants told him that he was his own therapist. (Docket Entry No. 1, ¶ IV, Attach. p. 1)

In addition to the foregoing, the plaintiff asserts that he pushed the emergency button in his cell at 3:00 p.m. on October 8, 2007 to report that he was experiencing chest pains; however, the medical staff did not check on him until 9:30 p.m. (Docket Entry No. 1, Attach. p. 1 of 2) According to the plaintiff, when nurse Jane and nurse Jeff finally saw him, they told him to lay

---

[2] It would appear at first blush that the plaintiff's back-surgery claim is barred by the one-year statute of limitations for actions under § 1983 brought in Tennessee. However, the plaintiff has attached copies of grievances to his complaint that show that he did not receive the TDOC Commissioner's response to his grievance until January 4, 2008. (Docket Entry No. 1, Attach. Griev. dtd. Jan. 4, 2008) The statute of limitations under § 1983 is tolled while a prisoner exhausts his administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000).

4

down, because they were leaving at 10:00 p.m. (Docket Entry No. 1, Attach. p. 1 of 2) Nurse Jane took the plaintiff's blood pressure, and it was 145/118. (Docket Entry No. 1, Attach. p. 1 of 2)

The plaintiff asserts that he continued to press the emergency button until third-shift nurse came to his cell at 3:30 a.m. (Docket Entry No. 1, Attach. p. 1 of 2) According to the plaintiff, the nurse took his blood pressure, which was again 145/118, and drew blood. (Docket Entry No. 1, Attach. p. 1 of 2) The plaintiff alleges that the third-shift nurse did not send the blood sample to the lab immediately, but waited until Dr. Sator arrived later that morning, at which time Dr. Sator sent the blood sample for analysis. (Docket Entry No. 1, Attach. p. 1 of 2)

The plaintiff alleges that, when the results came back that same day showing "something [was] wrong," instead of sending him to the hospital immediately, Dr. Sator told him that the medical staff would check on him throughout the day. (Docket Entry No. 1, Attach. p. 1 of 2) According to the plaintiff, however, no one checked on him until they sent him to the hospital the following day – October 10 – after he continued to complain of chest pains. (Docket Entry No. 1, Attach. p. 1 of 2) The plaintiff claims that he was told in the emergency room that he had suffered a heart attack " a day or two" before. (Docket Entry No. 1, Attach. p. 1 of 2)

The plaintiff's claims against the above-named defendants are not facially frivolous. Therefore, process shall issue to these defendants.

An appropriate order will be entered.

Todd Campbell
United States District Judge