IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TOBY HOWARD )
)
v. ) NO. 3-09-0665
) JUDGE CAMPBELL
TENNESSEE DEPARTMENT OF )
CORRECTION, et al. )

MEMORANDUM

Pending before the Court is a Motion for Summary Judgment filed by Defendants Sator, Burnett, Calonge and FCM-MTC Medical LLC[1] (Docket No. 42). For the reasons stated herein, Defendants' Motion for Summary Judgment is GRANTED. All claims against Defendants Sator, Burnett, Calonge, Benedict and FCM-MTC Medical LLC are dismissed.

FACTS

Plaintiff's First Amended Complaint (Docket No. 34) alleges that Defendants violated Plaintiff's Eighth Amendment rights to adequate medical care while Plaintiff was incarcerated within the Tennessee Department of Corrections.[2] Plaintiff was housed, at various relevant times herein, at the Northwest Correctional Complex, the Lois M. DeBerry Special Needs Facility,

---

[1] Although the Motion for Summary Judgment states that it is being filed by Defendants Sator, Burnett, Calonge and FCM-MTC Medical, Defendants seek to have the claims against Defendant Benedict dismissed as well. Docket No. 43, p. 10. Counsel for Defendants Sator, Burnett, Calonge and FCM-MTC Medical also represent Defendant Benedict, and the omission of Defendant Benedict from the moving papers appears to be a clerical mistake.

[2] The Tennessee Department of Corrections ("TDOC"), Governor Phil Bredesen, TDOC Commissioner George Little and Riverbend Warden Ricky Bell were dismissed from this action on July 29, 2009. Docket No. 10.

Centennial Medical Center, Riverbend Maximum Security Institute ("Riverbend"), and Nashville General Hospital. Docket No. 34.

The remaining Defendants herein are FCM-MTC Medical, LLC, which contracted with the State of Tennessee to provide medical services to persons incarcerated by TDOC during the relevant time periods herein; Dr. Innocentes Sator, a physician who provided medical services to inmates at Riverbend while Plaintiff was housed there; and three nursing assistants, Burnett, Calonge and Benedict, who were allegedly employed by FCM-MTC Medical to provide nursing care to inmates at Riverbend.

Because Plaintiff has failed to file a Response to Defendants' Statement of Undisputed Facts (Docket No. 44), the following facts, among others, are admitted for purposes of summary judgment. *See* Local Rule 56.01(g). Plaintiff has admitted that he suffered no adverse physical or medical effect as a result of his treatment and care at Riverbend. Docket No. 44, ¶ 19. Plaintiff has admitted that the care given to him complied with the recognized standard of acceptable professional practice in Nashville, Tennessee, at the time. *Id*., ¶ 20. Plaintiff has admitted that no reasonable and necessary medical treatment was withheld or denied him by Dr. Sator or the medical staff at Riverbend. *Id.,* ¶ 21. Plaintiff has admitted that he was provided medical care consistent with his physical condition at all times while housed at Riverbend. *Id*., ¶ 22. Plaintiff has admitted that any and all decisions regarding his treatment and care were based on sound principles of medical science and in the best interest of Plaintiff. *Id*., ¶ 23.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State*

*Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## PLAINTIFF'S CLAIMS

To prove a Section 1983 claim for violation of his civil rights, Plaintiff must establish that (1) he was deprived of a right secured by the United States Constitution or laws and (2) the deprivation was caused by a person acting under color of state law.[3] *Spurlock v. Whitley*, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the

---

[3] The standards of liability applicable to Section 1983 actions against governmental actors also apply to private parties who perform governmental functions. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Id.* at 106.

Here, Plaintiff has admitted that he cannot establish the essential elements of his claim. As indicated above, Plaintiff has admitted that he suffered no adverse physical or medical effect as a result of his treatment and care at Riverbend. Plaintiff has admitted that no reasonable and necessary medical treatment was withheld or denied him by Dr. Sator or the medical staff at Riverbend. Thus, Plaintiff cannot establish a serious medical need which was consciously disregarded by Defendants sufficient to constitute deliberate indifference. In addition, Plaintiff's admissions concerning his medical care at Riverbend make his request for additional time to serve the nursing staff moot.

For these reasons, Defendants' Motion for Summary Judgment (Docket No. 42) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

                                              TODD J. CAMPBELL
                                              UNITED STATES DISTRICT JUDGE